**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah L Ridgeley, | No. CV-20-01379-PHX-SPL (ESW) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Unknown Cole, et al., | |
| Defendants. | |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff is represented by counsel.  In her Complaint alleging violations of 42 U.S.C. § 1983, Plaintiff named a Defendant John Doe (Doc. 1).  On November 5, 2021, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered that Plaintiff file a Notice of Substitution for Defendant Doe within 120 days or the Clerk of Court must dismiss Defendant Doe (Doc. 6 at 13).  The Court extended the service deadline to April 5, 2021 (Doc. 14).  No Notice of Substitution has been filed, and the time to do so has passed.

On November 19, 2021, the Court issued an Order requiring Plaintiff to "show cause no later than November 29, 2021 why Defendant John Doe should not be dismissed without prejudice for failure to prosecute and serve in accordance with the Court's Orders (Docs. 6, 14)."  (Doc. 33).  As of the date of filing this Report and Recommendation, no response to the Court's Order to show cause has been filed by counsel, and the Court may conclude

1  that Plaintiff has abandoned her claim(s) against Defendant Doe.  The Clerk of Court has
2  not dismissed Defendant Doe as directed by the Court.

3        Plaintiffs have the general duty to prosecute their case.  *See Fidelity Phila. Trust
4  Co. v. Pioche Mines Consol., Inc.,* 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established
5  rule that the duty to move a case is on the plaintiff and not on the defendant or the court.").
6  Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to
7  comply with these rules or a court order, a defendant may move to dismiss the action or
8  any claim against it."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629- 31 (1962), the
9  Supreme Court recognized that a federal district court has the inherent power to dismiss a
10 case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil
11 Procedure 41(b) appears to require a motion from a party.  Moreover, in appropriate
12 circumstances, the Court may dismiss a pleading for failure to prosecute even without
13 notice or hearing. *Link*, 370 U.S. at 633.

14       In determining whether Plaintiff's failure to prosecute warrants dismissal of the
15 case, the Court must weigh the following five factors: "(1) the public's interest in
16 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
17 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
18 merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439,
19 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).
20 "The first two of these factors favor the imposition of sanctions in most cases, while the
21 fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice
22 and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.
23 1990).

24       Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's
25 failure to respond to the Order to show cause and substitute Defendant Doe with a named
26 Defendant prevents the case from proceeding in the foreseeable future as to claims
27 regarding John Doe.  The fourth factor, as always, weighs against dismissal.  The fifth
28 factor requires the Court to consider whether a less drastic alternative is available.  The

1   undersigned finds that only one less drastic sanction is realistically available.  Rule 41(b)

2   provides that a dismissal for failure to prosecute operates as adjudication upon the merits

3   "[u]nless the dismissal order states otherwise."  The Court may dismiss all claims as to

4   Defendant John Doe without prejudice.  The Magistrate Judge will recommend dismissal

5   of Plaintiff's Complaint as to John Doe only without prejudice.

6          For the reasons set forth herein,

7          **IT IS RECOMMENDED** that Defendant John Doe be dismissed without prejudice

8   from Plaintiff's Complaint (Doc. 1) for Plaintiff's failure to comply with the Court's Orders

9   and to prosecute pursuant to Fed. R. Civ. P. 41(b).

10          This recommendation is not an order that is immediately appealable to the Ninth

11  Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a) (1) should

12  not be filed until entry of the District Court's judgment.  The parties shall have fourteen

13  days from the date of service of a copy of this recommendation within which to file specific

14  written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.

15  Thereafter, the parties have fourteen days within which to file a response to the objections.

16  Failure to file timely objections to the Magistrate Judge's Report and Recommendation

17  may result in the acceptance of the Report and Recommendation by the District Court

18  without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

19  2003).  Failure to file timely objections to any factual determinations of the Magistrate

20  Judge may be considered a waiver of a party's right to appellate review of the findings of

21  fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

22  *See* Fed. R. Civ. P. 72.

23          Dated this 12th day of January, 2022.

24

25                                              _____

26                                              Honorable Eileen S. Willett
                                                United States Magistrate Judge

27

28