**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah L. Ridgeley,<br><br>    Plaintiff,<br><br>vs.<br><br>Unknown Cole, et al.,<br><br>    Defendants. | No. CV-20-01379-PHX-SPL (ESW)<br><br>**ORDER** |

  On July 13, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). One of the Defendants named therein was a John Doe. On November 5, 2020, this Court screened Plaintiff's Complaint and ordered Plaintiff to file a Notice of Substitution substituting Defendant Doe's actual name within 120 days. (Doc. 6 at 12). The Court warned that Defendant Doe may be dismissed if Plaintiff did not do so, unless Plaintiff received an extension of time. (Doc. 6 at 12). The case was referred to the Honorable Eileen S. Willett, United States Magistrate Judge, who granted an extension of the service deadline to April 5, 2021. (Doc. 14). No Notice of Substitution naming Defendant Doe was ever filed.

  On November 19, 2021, Judge Willett ordered Plaintiff to show cause why Defendant Doe should not be dismissed for failure to prosecute. (Doc. 33). Plaintiff did not respond to the Order. On January 12, 2022, Judge Willett issued a Report & Recommendation ("R&R") recommending that Defendant Doe be dismissed without prejudice for Plaintiff's failure to prosecute and comply with the Court's Orders. (Doc. 36).

Judge Willett advised the parties that they had fourteen (14) days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R (Doc. 36 at 3). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1).  It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy).

The parties did not file objections, which relieves the Court of its obligation to review the R&R.  *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken.  The Court will adopt the R&R and dismiss Defendant Doe. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 36) is **accepted** and **adopted** by the Court.

///

      **IT IS FURTHER ORDERED** that Defendant John Doe is **dismissed without prejudice** from Plaintiff's Complaint (Doc. 1) for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Fed. R. Civ. P. 41(b).

      Dated this 27th day of January, 2022.

_____
Honorable Steven P. Logan
United States District Judge